**FILED**
NOV 0 6 2019
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA
### AMENDED JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

UNITED STATES OF AMERICA
v.
HARDEV SINGH MOHAN SINGH PANESAR (1)
aka Hardev Singh, Hardev Panesar

Case Number: 3:17-CR-01371-GPC

Ellis M Johnston, III.
Defendant's Attorney

USM Number 15530-086

☒ Modification of Restitution Order (18 U.S.C § 3664)

THE DEFENDANT:

☒ pleaded guilty to count(s)   1, 2-4, 5-8, 11 of the Indictment

☐ was found guilty on count(s) _____ after a plea of not guilty.

Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offense(s):

| Title and Section / Nature of Offense | Count |
|---|---|
| 18:1349; 18:981(A)(1)(C), 28:2461(C), 31:5317 - Conspiracy To Commit Wire Fraud; Criminal | 1 |
| 18:1343; 18:981(A)(1)(C), 28:2461(C), 31:5317 - Wire Fraud; Criminal Forfeiture | 2-4 |
| 18:912 - False Personation Of An Officer Or Employee Of The United States | 5-8 |
| 31:5324(a)(3),(d); 18:981(a)(1)(C), 28:2461(c), 31:5317 - Structuring Domestic Financial Institutions; Criminal Forfeiture | 11 |

The defendant is sentenced as provided in pages 2 through __6__ of this judgment.
The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ is dismissed on the motion of the United States.

☒ Assessment : $1,000.00 ($100 per count)

☐ JVTA Assessment*: $ -

*Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.

☒ Fine waived    ☐ Forfeiture pursuant to order filed _____ , included herein.

IT IS ORDERED that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of any material change in the defendant's economic circumstances.

October 9, 2019
Date of Imposition of Sentence

HON. GONZALO P. CURIEL
UNITED STATES DISTRICT JUDGE

AO 245B (CASD Rev. 1/19) Judgment in a Criminal Case

| | | |
|---|---|---|
| DEFENDANT: | HARDEV SINGH MOHAN SINGH PANESAR (1) | Judgment - Page **2** of **6** |
| CASE NUMBER: | 3:17-CR-01371-GPC | |

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:
Cts 1-4 & 11: BOP: 85 months to run concurrently; Cts 5-8: 36 months to run concurrently for a total of 85 months.

☐ Sentence imposed pursuant to Title 8 USC Section 1326(b).
☐ The court makes the following recommendations to the Bureau of Prisons:

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant must surrender to the United States Marshal for this district:

    ☐ at _____ A.M. on _____

    ☐ as notified by the United States Marshal.

☐ The defendant must surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ on or before

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (CASD Rev. 1/19) Judgment in a Criminal Case

| DEFENDANT: | HARDEV SINGH MOHAN SINGH PANESAR (1) | Judgment - Page **3** of **6** |
|---|---|---|
| CASE NUMBER: | 3:17-CR-01371-GPC | |

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant will be on supervised release for a term of:
Cts 1-4: supv release for 3 years to run concurrently; Cts 5-8&11: supv release for 1 year to run concurrent to counts 1-4 and 5-8 for a total of 3 years.

## MANDATORY CONDITIONS

1. The defendant must not commit another federal, state or local crime.
2. The defendant must not unlawfully possess a controlled substance.
3. The defendant must not illegally possess a controlled substance. The defendant must refrain from any unlawful use of a controlled substance. The defendant must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the court. Testing requirements will not exceed submission of more than 4 drug tests per month during the term of supervision, unless otherwise ordered by the court.
    - ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (check if applicable)
4. ☐ The defendant must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. (check if applicable)
5. ☐ The defendant must cooperate in the collection of DNA as directed by the probation officer. (check if applicable)
6. ☐ The defendant must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where the defendant resides, works, is a student, or was convicted of a qualifying offense. (check if applicable)
7. ☐ The defendant must participate in an approved program for domestic violence. (check if applicable)

The defendant must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B (CASD Rev. 1/19) Judgment in a Criminal Case

| | | |
|---|---|---|
| DEFENDANT: | HARDEV SINGH MOHAN SINGH PANESAR (1) | Judgment - Page 4 of 6 |
| CASE NUMBER: | 3:17-CR-01371-GPC | |

## STANDARD CONDITIONS OF SUPERVISION

As part of the defendant's supervised release, the defendant must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for the defendant's behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in the defendant's conduct and condition.

1. The defendant must report to the probation office in the federal judicial district where they are authorized to reside within 72 hours of their release from imprisonment, unless the probation officer instructs the defendant to report to a different probation office or within a different time frame.

2. After initially reporting to the probation office, the defendant will receive instructions from the court or the probation officer about how and when the defendant must report to the probation officer, and the defendant must report to the probation officer as instructed.

3. The defendant must not knowingly leave the federal judicial district where the defendant is authorized to reside without first getting permission from the court or the probation officer.

4. The defendant must answer truthfully the questions asked by their probation officer.

5. The defendant must live at a place approved by the probation officer. If the defendant plans to change where they live or anything about their living arrangements (such as the people living with the defendant), the defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, the defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change.

6. The defendant must allow the probation officer to visit them at any time at their home or elsewhere, and the defendant must permit the probation officer to take any items prohibited by the conditions of their supervision that he or she observes in plain view.

7. The defendant must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses the defendant from doing so. If the defendant does not have full-time employment the defendant must try to find full-time employment, unless the probation officer excuses the defendant from doing so. If the defendant plans to change where the defendant works or anything about their work (such as their position or their job responsibilities), the defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, the defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change.

8. The defendant must not communicate or interact with someone they know is engaged in criminal activity. If the defendant knows someone has been convicted of a felony, they must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

9. If the defendant is arrested or questioned by a law enforcement officer, the defendant must notify the probation officer within 72 hours.

10. The defendant must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

11. The defendant must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

12. If the probation officer determines the defendant poses a risk to another person (including an organization), the probation officer may require the defendant to notify the person about the risk and the defendant must comply with that instruction. The probation officer may contact the person and confirm that the defendant notified the person about the risk.

13. The defendant must follow the instructions of the probation officer related to the conditions of supervision.

AO 245B (CASD Rev. 1/19) Judgment in a Criminal Case

| | | |
|---|---|---|
| DEFENDANT: | HARDEV SINGH MOHAN SINGH PANESAR (1) | Judgment - Page 5 of 6 |
| CASE NUMBER: | 3:17-CR-01371-GPC | |

## SPECIAL CONDITIONS OF SUPERVISION

**1.    If deported, excluded or allowed to voluntarily return to country of origin, not reenter the United States illegally and report to the probation officer within 24 hours of any reentry into the United States; supervision waived upon deportation, exclusion, or voluntary departure.**

**If not deported:**
1.    Not enter or reside in the Republic of Mexico without permission of the court or probation officer, and comply with both United States and Mexican immigration law requirements.

2.    Report all vehicles owned or operated, or in which you have an interest, to the probation officer.

3.    Submit your person, property, residence, office or vehicle to a search, conducted by a United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; the defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

4.    Participate in a program of drug or alcohol abuse treatment, including drug testing and counseling, as directed by the probation officer. Allow for reciprocal release of information between the probation officer and the treatment provider. May be required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on ability to pay.

5.    Provide complete disclosure of personal and business financial records to the probation officer as
6.    requested.
7.    Notify the Collections Unit, United States Attorney's Office, of any interest in property obtained, directly or indirectly, including any interest obtained under any other name, or entity, including a trust, partnership or corporation until the fine or restitution is paid in full.

8.    Notify the Collections Unit, United States Attorney's Office, before transferring any interest in property owned, directly or indirectly, including any interest held or owned under any other name, or entity, including a trust, partnership or corporation.

9.    Be prohibited from opening checking accounts or incurring new credit charges or opening additional lines of credit without approval of the probation officer.

//

AO 245B (CASD Rev. 1/19) Judgment in a Criminal Case

| DEFENDANT: | HARDEV SINGH MOHAN SINGH PANESAR (1) | Judgment - Page **6** of **6** |
| --- | --- | --- |
| CASE NUMBER: | 3:17-CR-01371-GPC | |

# RESTITUTION

SEE ATTACHED RESTITUTION ORDER _____

||                                                                                    ||
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | **UNITED STATES DISTRICT COURT** |
| 8 | **SOUTHERN DISTRICT OF CALIFORNIA** |

| UNITED STATES OF AMERICA, | Case No. 17-CR-1371-GPC |
|---|---|
| Plaintiff, | |
| v. | **ORDER OF RESTITUTION** |
| HARDEV SINGH MOHAN SINGH PANESAR, | |
| aka Hardev Singh, | |
| aka Hardev Panesar, | |
| Defendant. | |

IT IS HEREBY ORDERED:

1. Pursuant to 18 U.S.C. § 3663A(a)(1), Defendant HARDEV SINGH MOHAN SINGH PANESAR (hereinafter, "Defendant") shall pay restitution in the amount of **$2,522,638.99** as a result of Defendant's conviction for conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349, with $942,310.00 jointly and severally liable with Rafael Hastie (as shown in Chart A), $392,850.00 jointly and severally liable with Gurdev Singh (as shown in Chart B), and $1,187,478.99 as Defendant's sole liability (as shown in Chart C). Restitution shall be paid to the following victims in the specified amounts, pro rata. A list of the victims' full names and loss amounts will be provided to the Clerk of the Court.

| | | |
|---|---|---|
| **CHART A** | | |
| No. | VICTIMS' INITIALS | LOSS AMOUNT |
| 1 | R.A. | $15,000.00 |
| 2 | M.A. | $9,500.00 |
| 3 | L.A.A. | $35,000.00 |
| 4 | R.B. | $9,500.00 |
| 5 | R.C. | $50,310.00 |
| 6 | A.G.C.H | $50,000.00 |
| 7 | J.E.V.C. | $9,500.00 |
| 8 | T.C. | $9,500.00 |
| 9 | J.M.F. | $320,000.00 |
| 10 | J.A.G.G. | $9,500.00 |
| 11 | F.G.H. | $9,500.00 |
| 12 | J.R.H.C. | $20,000.00 |
| 13 | F.C.I. | $9,500.00 |
| 14 | C.E.H.L. | $9,500.00 |
| 15 | C.L. | $9,500.00 |
| 16 | Dr. F.M. | $18,500.00 |
| 17 | I.C.M. | $9,500.00 |
| 18 | A.A.M. | $49,500.00 |
| 19 | L.M. | $9,500.00 |
| 20 | Dr. J.M.M.C | $23,500.00 |
| 21 | A.G.M. | $9,500.00 |
| 22 | A.B.M. | $13,000.00 |
| 23 | E.M. | $17,000.00 |
| 24 | I.V.N. | $18,000.00 |
| 25 | M.U.O. | $9,500.00 |

| No. | VICTIMS' INITIALS | LOSS AMOUNT |
|---|---|---|
| 26 | V.H.A.P. | $40,000.00 |
| 27 | H.P. | $30,000.00 |
| 28 | E.R. | $9,500.00 |
| 29 | J.M.F.R.A. | $9,500.00 |
| 30 | J.S.S. | $3,500.00 |
| 31 | O.Y.S. | $9,500.00 |
| 32 | A.R.S. | $9,500.00 |
| 33 | C.S. | $9,500.00 |
| 34 | M.J.S. | $9,500.00 |
| 35 | A.T.S. | $9,500.00 |
| 36 | C.R.V. | $10,000.00 |
| 37 | G. "N" V. | $20,000.00 |
| 38 | M.V. | $9,500.00 |
| 39 | J.Z. | $9,500.00 |

**CHART B**

| No. | VICTIMS' INITIALS | LOSS AMOUNT |
|---|---|---|
| 40 | D.S. | $40,000.00 |
| 41 | H.S. | $45,000.00 |
| 42 | K.S. | $40,000.00 |
| 43 | N.S. | $235,000.00 |
| 44 | A.J. | $2,250.00 |
| 45 | S.S. | $30,600.00 |

**CHART C**

| No. | VICTIMS' INITIALS | LOSS AMOUNT |
|---|---|---|
| 46 | A.A. | $49,500.00 |

3

| | | | |
|---|---|---|---|
| 1 | 47 | O.C.A. | $25,000.00 |
| 2 | 48 | A.A. and V.A. | $32,951.99 |
| 3 | 49 | T.A. | $9,500.00 |
| 4 | 50 | T.B. | $9,500.00 |
| 5 | 51 | V.S.B. | $9,000.00 |
| 6 | 52 | S.K.B. | $10,000.00 |
| 7 | 53 | I.S.B. | $18,000.00 |
| 8 | 54 | J.C.C.G. | $12,380.00 |
| 9 | 55 | M.M.C. | $9,500.00 |
| 10 | 56 | K.R.C. | $9,500.00 |
| 11 | 57 | D.A.C. | $9,500.00 |
| 12 | 58 | M.T.C.T. | $9,500.00 |
| 13 | 59 | D.C. | $9,500.00 |
| 14 | 60 | J.C.C.H | $9,500.00 |
| 15 | 61 | P.D. | $9,500.00 |
| 16 | 62 | M.D.J.F. | $16,477.00 |
| 17 | 63 | N.R.F.M. | $9,500.00 |
| 18 | 64 | F.J.F | $9,500.00 |
| 19 | 65 | J.G.J. | $16,000.00 |
| 20 | 66 | M.H. | $9,500.00 |
| 21 | 67 | D.O.H.C. | $9,500.00 |
| 22 | 68 | R.I. | $15,500.00 |
| 23 | 69 | R.I.M. | $18,000.00 |
| 24 | 70 | F.C.I. | $9,500.00 |
| 25 | 71 | B.K. | $9,500.00 |
| 26 | 72 | L.K. | $9,500.00 |
| 27 | 73 | P.K. | $9,500.00 |
| 28 | | | |

| | | |
|---|---|---|
| 74 | G.N.M. | $9,500.00 |
| 75 | L.M.M. | $20,000.00 |
| 76 | A.M.R. | $21,000.00 |
| 77 | R.M.R. | $23,210.00 |
| 78 | B.I.M. | $18,500.00 |
| 79 | A.M.A. | $9,500.00 |
| 80 | R.R.M. | $9,500.00 |
| 81 | J.C.M. | $12,360.00 |
| 82 | J.P.M.T. | $9,500.00 |
| 83 | P.E.M.T. | $9,500.00 |
| 84 | A.M.M.G. | $10,500.00 |
| 85 | L.C.N. | $25,000.00 |
| 86 | R.M.P. | $18,360.00 |
| 87 | P.G.R. | $20,000.00 |
| 88 | L.R.P. | $12,380.00 |
| 89 | P.S.S. | $25,000.00 |
| 90 | B.S.S. | $20,000.00 |
| 91 | B.S. | $20,000.00 |
| 92 | Gurb. S. | $165,000.00 |
| 93 | Gurp. S. | $17,500.00 |
| 94 | Harj. S. | $15,000.00 |
| 95 | J.S. | $43,000.00 |
| 96 | Ka. S. | $9,500.00 |
| 97 | Kuld. S. | $48,000.00 |
| 98 | Kulwa. S. | $9,500.00 |
| 99 | P.S. | $9,500.00 |
| 100 | Sa. S. | $25,000.00 |

| 1 | 101 | Sukj. S. | $9,500.00 |
|---|---|---|---|
| 2 | 102 | Sukh. S. | $9,500.00 |
| 3 | 103 | T.S. | $9,500.00 |
| 4 | 104 | Dor. S. | $9,500.00 |
| 5 | 105 | F.S. | $12,360.00 |
| 6 | 106 | M.S.T. | $9,500.00 |
| 7 | 107 | A.T. | $9,500.00 |
| 8 | 108 | T.T. | $40,000.00 |
| 9 | 109 | A.T.T.V. | $9,500.00 |
| 10 | 110 | S.T. | $6,000.00 |
| 11 | 111 | N.T. | $6,000.00 |
| 12 | 112 | M.U. | $17,500.00 |
| 13 | 113 | K.S.V. | $9,500.00 |
| 14 | 114 | N.J.V. | $9,500.00 |

2. Defendant shall make a bona fide effort to pay restitution in full as soon as practicable.

3. After considering the factors set forth in 18 U.S.C. § 3664(f)(2), the Court finds that the Defendant has the ability to pay the restitution as set forth in the following payment schedule:

    a. During any period of incarceration, Defendant shall pay restitution through the Inmate Financial Responsibility Program at the rate of 50% of Defendant's income, or $25.00 per quarter, whichever is greater.

    b. Upon release from custody, Defendant shall pay restitution at the rate of at least $300.00 per month until restitution is paid in full, subject to modification upon further agreement of the parties or order of the Court.

4. This payment schedule does not foreclose the United States from exercising all legal actions, remedies, and process available to collect the restitution judgment, including but not limited to remedies pursuant to 18 U.S.C. § 3613 and 3664(m)(1)(A).

5. Defendant shall forward all restitution payments, by bank or cashier's check or money order payable to the "Clerk, U.S. District Court," to:

> Clerk of the Court
> United States District Court
> Southern District of California
> 333 West Broadway, Suite 420
> San Diego, CA 92101

6. The Court has determined that Defendant does not have an ability to pay interest. It is ordered that the interest requirement is waived.

7. Until restitution has been paid, Defendant shall notify the Clerk of the Court and the United States Attorney's Office of any change in Defendant's economic circumstances that might affect Defendant's ability to pay restitution no later than thirty days after the change occurs.

8. Until restitution has been paid, Defendant shall notify the Clerk of the Court and the United States Attorney's Office of any change in mailing or residence address, no later than thirty days after the change occurs.

IT IS SO ORDERED.

Dated: October 31, 2019

Hon. Gonzalo P. Curiel
United States District Judge